ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 20 PM 12: 02

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DALE DEAN GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-090 |
| | ) | |
| JOSE MORALES, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a prisoner currently confined at Johnson State Prison in Wrightsville, Georgia, filed a *pro se* complaint attempting to assert several civil rights claims, as well as a motion for a preliminary injunction, on September 21, 2012. (Doc. nos. 1, 2.) Because Plaintiff submitted his complaint without submitting a request to proceed IFP or paying the $350.00 filing fee, the Clerk of Court sent him a deficiency notice. (Doc. no. 3.) This deficiency notice informed Plaintiff of the requirement for filing an IFP motion or paying the $350.00 fee within twenty-one (21) days and warned him that failure to comply may result in the dismissal of his case. (See doc. no. 3.)

When Plaintiff did not respond, the Court, in an Order dated October 19, 2012, advised Plaintiff that the Local Rules of this Court require the presentation of an original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP, in order to commence a civil action. See Loc. R. 4.1; doc. no. 4. The Court thus

directed Plaintiff to submit an IFP motion or the requisite $350.00 filing fee within fourteen (14) days of the Court's order, and the Court warned Plaintiff that failure to comply with the Court's instruction would result in a recommendation that his case be dismissed without prejudice. (Doc. no. 4.) The time for responding has expired, and Plaintiff has failed to submit either the appropriate filing fee or a motion to proceed IFP. Plaintiff has not otherwise responded to the Court's Order.

As noted above, under the Local Rules of the Southern District of Georgia, failure to comply with the requirements of submitting a complaint and either paying the filing fee or submitting an IFP motion within 21 days of having been notified "may result in dismissal by the Court." Loc. R. 4.1. The Local Rules also dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

court has inherent power to dismiss a case for failure to prosecute . . . .").

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, Plaintiff's unresponsiveness, as well as his failure to advise the Court whether he can pay the filing fee or needs to proceed IFP, indicates that monetary sanctions would not suffice in this instance.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**,

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

pursuant to Loc. R. 4.1 and 41.1(c), that this case be **DISMISSED** without prejudice, that Plaintiff's motion for a preliminary injunction be **DENIED** as **MOOT**, (doc. no. 2), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE